UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RILEY FLETCHER ET AL.**                        **CASE NO. 3:23-CV-00503**

**VERSUS**                                       **JUDGE ELIZABETH E. FOOTE**

**DIANE WROTEN ET AL.**                          **MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT & RECOMMENDATION**

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. #13], filed by Plaintiffs Riley "Bear" Fletcher and Leigh Ann Fletcher. The motion is opposed. [doc. #15]. For reasons assigned below, it is **RECOMMENDED** that the motion to remand [doc. #13] be **DENIED**.

**Background**

Plaintiff filed the instant action on March 8, 2023, in the 5th Judicial District Court, Parish of Franklin, State of Louisiana, against Defendants Diane Wroten and State Farm Fire and Casualty Company ("State Farm"). [doc. #1-1, p. 1]. The suit arises from an insurance dispute following property damage incurred by Plaintiffs during a fire. *Id.* at ¶ 9. Plaintiffs allege that they own a home in Delhi, Louisiana, which, beginning on April 23, 2012, was insured by State Farm against fires. *Id.* at ¶ 3. The Policy, purchased through insurance agent Diane Wroten, provided policy limits of $339,800 for dwelling and $254,850 for personal property (contents). *Id.* at ¶ 8.

On July 4, 2022, Plaintiffs' home, property, and contents were destroyed by fire. *Id.* at ¶ 9. Subsequently, Plaintiffs discovered that the policy limits were "woefully insufficient" to cover the replacements costs of their home and contents. *Id.* at ¶ 10. Thus, Plaintiffs contend, *inter alia*,

that Wroten failed to use reasonable diligence to obtain insurance in sufficient amounts and failed to notify Plaintiffs of the absence of coverage amounts sufficient to cover replacements costs of their home and contents. *Id* at ¶ 11. Plaintiffs also allege that they provided State Farm with timely, written proof of their losses, but State Farm failed to make payment on their claims. *Id.* at ¶ 14. Plaintiffs seek damages as well as penalties, attorney's fees, and interest. *Id.*

On April 17, 2023, Defendants removed the matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, arguing that Wroten was improperly joined, and her citizenship should be ignored for the purposes of determining diversity jurisdiction. [doc. #1, p. 3].

On May 1, 2023, Plaintiffs filed the instant motion to remand. [doc. #13]. Therein, Plaintiffs argue that they plausibly allege claims against Wroten for insurance agent liability under Louisiana law. *Id.* at 2–4.

On May 22, 2023, Defendants filed their opposition brief. [doc. #15]. Therein, Defendants argue that Plaintiffs fail to state a claim against Wroten. *Id.* at 7–8. Specifically, Defendants make two arguments: (1) that the only duty imposed on an insurance agent is to procure the specific coverage requested by the customer, and, here, it is undisputed that Wroten procured the specific coverage requested by Plaintiffs; and (2) any claim that Plaintiffs might bring against Wroten are time-barred under Louisiana law, which provides a one-year peremptive period to sue an insurance agent. *Id.* at 7.

Plaintiffs did not file a reply.

Accordingly, briefing is complete. This matter is ripe.

## Analysis

A civil action brought in state court may be removed to the federal district court where such action is pending if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The

removing party bears the burden to show that federal jurisdiction is proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Because removal raises significant federalism concerns, removal is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Certified Pressure Testing, LLC v. Markel Am. Ins. Co.*, No. 3:20-cv-2783-S, 2021 WL 674124, at *2 (N.D. Tex. Feb. 21, 2021) (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)). "The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332." *Id.*

When Defendants remove the suit on the basis of diversity, the removing party must establish by a preponderance of the evidence that (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Id.* (quoting *Frye v. Aanadarko Petr. Corp.*, 953 F.3d 285, 293 (5th Cir. 2019)).

Defendants argue that Plaintiff improperly joined the non-diverse Defendant. "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).[1] Only the second test is relevant here.

In considering the inability of the plaintiff to establish a cause action against the non-diverse party in state court, the Court must determine "whether there is arguably a reasonable basis for predicting that state law might impose liability." *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462

---

[1] While previously labeled "fraudulent joinder," the Fifth Circuit more recently uses "improper joinder." *Cumpian v. Alcoa World Alumina, LLC*, 910 F.3d 216, 219 (5th Cir. 2018).

(5th Cir. 2003). "This means there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "Nonetheless, the burden of persuasion on those claiming fraudulent joinder remains a heavy one." *Id.*

The standard for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. *Northgate Plaza, LLC v. Safepoint Ins. Co.*, No. 2:22-cv-05420, 2022 WL 17254937, at *1 (W.D. La. Nov. 28, 2022) (citing *Ross*, F.3d at 462). The scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. *Id*. The court may "pierce the pleadings" and consider summary judgment-type evidence. *Id.* at 463 (citing *Travis*, 326 F.3d at 648–49).

In their motion to remand, Plaintiffs argue that diversity jurisdiction did not exist at the time of removal because Plaintiffs and Defendant Wroten are all citizens of Louisiana. [doc. #13-1, p. 1]. In addition, Plaintiffs argue that they have stated a cause of action against Wroten for failure to use reasonable diligence in procuring insurance, and, therefore, Wroten is not improperly joined. *Id.*

In their opposition, Defendants advance two arguments as to improper joinder: one, that under Louisiana law, the only duty imposed on an insurance agent is to procure the specific coverage requested by the customer, and, here, it is undisputed that the Agent Defendants procured the specific coverage requested by Plaintiff; and two, that any claim Plaintiff might bring against Wroten is time-barred under Louisiana law, which provides a one-year peremptive period to sue an insurance agent. [doc. #15 pp. 7–12].

The Court will begin by addressing whether Plaintiffs' claims against Wroten are time-barred.

4

Louisiana Revised Statute 9:5606 provides a one-year and three-year peremptive period for claims against insurance agents:

> (A) No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> (D) The one-year and three-year periods of limitation provided in Subsection A of this section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Actual or constructive notice is sufficient to trigger the peremptive period. *Calcasieu Cameron Fair Ass'n v. Markel Intern. Ins. Co.*, No. 2:07-cv-1999, 2008 WL 2148460, at *3 (W.D. La. May 21, 2008). Constructive knowledge is "information or knowledge that ought to excite attention and put the alleged victim on guard . . . knowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard." *Id.* (quoting *Dobson v. Allstate Ins. Co.*, No. 6-0252, 2006 WL 2078423, at *9 (W.D. La. May 21, 2008)). "Moreover, a policyholder is responsible for reading his or her policy and is 'presumed to know its provisions.'" *Id.* (quoting *Dobson*, 2006 WL 2078423, at *9). "A plaintiff's claim is therefore perempted if it is not brought within one year of constructive or actual notice of the act, omission, or neglect, or within three years of the alleged act, omission, or neglect." *Id.*

Thus, the Court must determine whether Plaintiffs had constructive notice sufficient to trigger the peremptive period, and, if so, when. Plaintiffs argue that they first had constructive notice of Wroten's alleged failure to procure appropriate coverage on July 4, 2022, after the fire.

5

[docs. #1-1, ¶ 10; 13-1, p. 5]. Defendants, on the other hand, argue that Plaintiffs had constructive notice in April 2012 when they purchased the Policy. [doc. #15, pp. 14–15].

Importantly, the source of the alleged "acts, omissions, or neglect" that give rise to Plaintiffs' claim against Wroten, is the Policy purchased in April 2012.[2] In their petition for damages, Plaintiffs allege that Wroten "failed to use reasonable diligence to obtain insurance in sufficient amounts" and "failed to use reasonable diligence to notify Plaintiffs of the absence of coverage in amounts sufficient to cover replacement costs of their home and contents . . . ." [doc. #1-1, p. 2].

Under Louisiana law, "it is the insured's obligation to read the policy when received, since the insured is deemed to know the policy contents." *McKernan v. ABC Ins. Co.*, 328 So.3d 69 (La. 2021). Thus, Plaintiffs were on notice as to any deficiencies in their coverage at the time they purchased the policy in April 2012, thereby triggering the peremptive period. *See Northgate Plaza, LLC*, 2022 WL 17254937, at *1 (peremptive period commenced with the purchase of the insurance policy); *Dobson*, 2006 WL 2078423, at *9 (insurance agent's alleged misrepresentations occurred when the policy was purchased, commencing the peremptive period).

The undersigned recognizes that Plaintiffs apparently renewed the Policy each year; however, renewal does not restart peremption. "Generally, subsequent renewals of insurance policies do not operate to restart peremption." *Rowe v. Primerica Life Co.*, No. 19-863-SDD-SDJ, 2020 WL 5658201, at *5 (E.D. La. Sept. 23, 2020) (quoting *White v. Allstate Ins. Co.*, 513 F. Supp.

---

[2] Defendants allege that Plaintiffs renewed the Policy with any increase in coverage limits arising as the result of automatic inflation coverage built into the original Policy. [doc. #15, p. 14]. Defendants further allege that an Option ID endorsement was added to the Policy in April 2018, increasing the Policy's dwelling limit. *Id.* The hurricane deductible decreased from 5% to 2% effective April 23, 2021. *Id.*

6

2d 674, 681 (E.D. La. June 26, 2007)). "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which gives rise to immediately apparent damages." *Id.* (quoting *Biggers v. Allstate Ins. Co.*, 04-282 (La. App. 5 Cir. 10/26/04), 886 So.2d 1179, 1182); *see also Sonnier v. La. Farm Bureau Mut. Ins. Co.*, 2005-1006 (La. App. 3 Cir. 3/1/06), 924 So.2d 419, 422, *writ denied*, 2006-0704 (La. 5/26/06), 930 So. 2d 33 (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal). "The inquiry is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement." *Id.* (quoting *White*, 513 F.Supp.2d at 681).

Here, Plaintiffs' complaint does contain any factual allegations referencing the Policy renewals, and Plaintiffs make no reference to the renewals in their motion to remand. Indeed, Plaintiffs' only argument as to peremption is a two-sentence statement in their motion to remand, where they argue that "the petition alleges the fire occurred on July 4, 2022, and the petition was filed in state court on March 8, 2023, well within one year of Plaintiffs [sic] discovery of Defendant's [sic] neglect." [doc. #13-1, pp. 4–5]. Nonetheless, as discussed above, the peremptive period commences with the purchase of the insurance policy. *See Southern Marble Specialties, Inc.*, 22-602, 2023 WL 3221066, at *5–7 (La. App. 3 Cir. 5/3/23); *see also Northgate Plaza, LLC*, 2022 WL 17254937, at *1; *Dobson*, 2006 WL 2078423, at *9.

Furthermore, the undersigned has resolved this same issue in a previous case. *See Pedersen v. State Farm Fire & Casualty Co.*, 22-cv-05429, 2023 WL 378642, at *2 (W.D. La. Jan. 9, 2023), *R&R adopted*, 2023 WL 373881 (W.D. La. Jan. 24, 2023). Plaintiffs make no attempt to distinguish this case from *Pedersen*, despite the fact that Defendants cite it in their opposition brief. [doc. #15, p. 18]. Thus, the undersigned reaches the same result here.

7

In short, Plaintiffs' claims against Wroten are perempted in any scenario. Therefore, Plaintiffs have no reasonable probability of recovery against Wroten, and her presence must be disregarded for purposes of subject matter and removal jurisdiction.[3] *See Finton v. Blackford*, No. 3-21-03586, 2022 WL 611581, at *8 (W.D. La. Feb. 14, 2022) (improperly joined defendant's presence disregarded for subject matter and removal jurisdiction) (citing *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x. 62 (5th Cir. 2010)). The remaining parties are completely diverse, with no forum-domiciled defendant. Accordingly, the Court may exercise subject matter and removal jurisdiction. 28 U.S.C. §§ 1332 and 1441. Therefore, Plaintiffs' motion to remand should be denied.

Having determined that Plaintiff improperly joined Wroten, the Court lacks jurisdiction to entertain the claims against her, thereby requiring their dismissal, without prejudice. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., LLC*, 818 F.3d 193, 209–211 (5th Cir. 2016) ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice in every instance."). Thus, Plaintiffs' claims against Wroten should be dismissed, without prejudice.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' motion to remand [DOC. #13], be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' claims against Defendant Diane Wroten be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

---

[3] The court need not reach Defendants' remaining argument.

8

objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 7th day of August, 2023.

*(signed)* KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE